IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT C. HOPES, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   **CIVIL NO. 07-101-DRH** |
| | ) |
| **UNITED STATES DEPARTMENT of** | ) |
| **JUSTICE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Eleven motions are currently pending in this action. The first motion (Doc. 20) seeks injunctive relief; he asks the Court restrain a particular correctional officer "from having any contact with [him] of 100 yards" and to cease harassing him. The Court construes this motion as one seeking issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Accordingly, the motion for injunctive relief is **DENIED**.

The next two motions seek additional time to file an amended complaint (Docs. 21, 22), but the amended complaint (Doc. 23) was filed on the same day.  Accordingly, these motions are **MOOT**.

Plaintiff has also filed four motions for appointment of counsel (Docs. 25, 28, 29, 31).  The Court previously denied Plaintiff's first motion for appointment of counsel, noting that Plaintiff had not made any showing that he had attempted to retain counsel on his own.  He now claims that he has made such attempts, albeit unsuccessfully.  However, until the Court has completed a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, these requests for appointment of counsel are premature.  Further, from the number of pleadings he has submitted on his own, it appears that Plaintiff has no need for counsel at this time.  Therefore, the motions for appointment of counsel are **DENIED** without prejudice.  Once the Court has completed that preliminary review, Plaintiff may file another such *at that time*.

Three more motions relate to discovery – he seeks a disclosure of names and duty stations of various Bureau of Prisons' employees (Doc. 26), an investigation into the handling of his legal mail (Doc. 27), and production of various medical records (Doc. 34).  However, as was explained to Plaintiff in a prior order, motions involving discover matters are not appropriate at this time.  *See* FED.R.CIV.P. 34, 37.  Each is therefore **DENIED** without prejudice.

The final motion seeks a free copy of the docket sheet for this action (Doc. 32).  Given that the Court has granted his request to proceed as a pauper, such a request is reasonable, and the motion is **GRANTED**.  The Clerk shall provide Plaintiff with a copy of the docket sheet for this action.

Plaintiff is now advised that he should refrain from filing any additional motions related to discovery or appointment of counsel.  Until the Court has completed a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, all such motions are premature and will be summarily denied as

such.  Once the Court has completed that preliminary review, a scheduling order will issue to advise Plaintiff and other parties regarding any deadlines the Court deems necessary.

**IT IS SO ORDERED.**

**DATED:   July 2, 2007.**

/s/    David    RHerndon
**DISTRICT JUDGE**