# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT C. HOPES, JR.,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**UNITED STATES DEPARTMENT** )<br>**of JUSTICE,** *et al.*, )<br>)<br>**Defendants.** ) | **CIVIL NO. 07-cv-101-DRH** |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

In a prior order (Doc. 44), the Court separated the allegations in the amended complaint (Doc. 23) into three separate counts. The Court found that none of the claims shared a defendant in common, further finding that his claims must be brought as three separate actions. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff was advised of the Court's intention to sever Count 2 and Count 3 into two new cases, and he was given an opportunity to voluntarily dismiss those claims.

Amid the vast amount of correspondence and exhibits received from him since then, Plaintiff has acknowledged the Court's order and agreed to severance of his claims into separate actions (Doc. 48). In later correspondence, he points out that the Court neglected to include Defendant Weeks in any of the claims. He is correct, and that was an oversight; Defendant Weeks is named in connection with Count 3. The three counts are listed below, with references to the relevant paragraphs of the amended complaint.[1]

---

[1] Beginning on Plaintiff's page 7, which is actually page 9 of the amended complaint (Doc. 23), Plaintiff prefaces each paragraph as a claim number. For clarity, the Court will incorporate each of these paragraphs (or "claims") into one of the three counts.

> **COUNT 1:** Against Defendants Keys, Eberhart, Spence, Tepovich, Patterson, Edge and Shoff for use of excessive force on July 14, 2006 (¶¶ 1-12, 18).
>
> **COUNT 2:** Against Defendants Hackleman, Hunt, Thomas, and Cross for use of excessive force on December 5, 2005 (¶¶ 13-14, 17-18).
>
> **COUNT 3:** Against Defendants Mash, Lewis, Weeks and Boaz for use of excessive force on July 27, 2006 (¶¶ 15-16, 18).

**OTHER INDIVIDUALS AND DEFENDANTS**

In the body of the amended complaint, Plaintiff mentions Rosalyn Cruse (¶ 5), Lt. Milliard (¶ 7), D. Ahrens (¶ 8), L. Eskew (¶ 9), Lt. Flick (¶ 9), J. F. Castillo (¶ 10), Lisa Tapley (¶ 11), J. Troxel (¶ 12), Mr. Zych. (¶ 12), Doc Watson (¶ 12), Ms. Fick (¶ 12), George Lennon (¶ 12), Lt. Samples (¶ 14), Alberto Gonzalez (¶ 17), S.I.A. Shoff (¶ 18), Lt. Hughes (¶ 18) and Lt. Ruggeri (¶ 18). None of these individuals is listed as a defendant in the caption or jurisdictional portion of the amended complaint; accordingly, the Court will not consider them to be parties to this action.

**PENDING MOTIONS**

Before the Court, first, are two more motions for appointment of counsel (Docs. 53, 59). The Court previously advised Plaintiff that such requests were premature (*see* Doc. 35), and such is still the case. Therefore, these motions are **DENIED** without prejudice.

Next, Plaintiff filed a motion for clarification or, in the alternative, for transfer of this action (Doc. 58). He seems to be complaining that a motion intended for this case was instead opened as a new case in this District. *See Hopes v. Department of Justice*, Case No. 08-cv-316-DRH (S.D. Ill., filed April 28, 2008). In that case, he makes complaints against various officers at the ADX in Florence, Colorado. In his instant motion, he recognizes that this Court has no jurisdiction over those individuals; thus he seeks an order transferring that action to the District of Colorado. However, such a request belongs in that case, not in this one. Thus, the instant motion is **MOOT**

as applied to the instant action.

Finally, he seeks a preliminary injunction regarding the excessively noisy conditions, lack of recreation, and denied access to the law library at Florence (Doc. 63). These assertions have no relation to his claims of excessive force that arose at Marion, and thus have no place in this action. If Plaintiff wishes to complaint about events at Florence, he cannot do so in this District. Accordingly, this motion is **DENIED**.

### SEVERANCE OF CLAIMS

**IT IS HEREBY ORDERED** that **COUNT 2** and **COUNT 3** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Defendants **HACKLEMAN, HUNT, THOMAS, CROSS, MASH, LEWIS, WEEKS** and **BOAZ** are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that **COUNT 2** and **COUNT 3** are **SEVERED** into separate actions.

The Clerk is **DIRECTED** to open **TWO new cases**. The Clerk shall assign each of the newly opened cases to the same judge who was assigned to this case. For Defendants in each new case, the Clerk shall include only the Defendants listed in connection with that particular claim. Specifically, in the first new case, addressing the use of excessive force on December 5, 2005, the only defendants to be included in that action are Hackleman, Hunt, Thomas, and Cross. In the second new case, addressing the use of excessive force on July 27, 2006, only Defendants Mash, Lewis, Weeks and Boaz shall be included.

Each new case shall be opened with just the following pleadings:

(1)   a copy of this Memorandum and Order;

(2)   a copy of the amended complaint;

(3) a copy of Plaintiff's original motion for leave to proceed *in forma pauperis*; and

(4) the relevant USM-285 forms.


At this time, the Court sees no need to incorporate copies of Plaintiff's voluminous exhibits and correspondence into each of these new cases. Should the need for those documents arise, the Court will enter the necessary orders at that time.

Once those new cases have been opened, the Court will assess those new filing fees and then complete the preliminary review of each complaint under 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**DATED: October 7, 2008.**

/s/   DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**