IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT C. HOPES, JR.,**

**Plaintiff,**

**v.**

**UNITED STATES DEPARTMENT
OF JUSTICE, et al.,**

**Defendant.**                                                          No. 07-0101-DRH

## ORDER

**HERNDON, Chief Judge:**

  On February 5, 2007, Robert Charles Hopes, Jr., filed suit for alleged violations of his constitutional rights by persons acting under the color of federal authority (Doc. 1). Thereafter, the Court pared Hopes' claims into three counts: Count 1 for excessive force; Count 2 for excessive force; and Count 3 for excessive force (Doc. 44). Also, the Court advised Hopes of its intention to sever Counts 2 and 3 and to open two new cases for these counts as Counts 1, 2 and 3 do not share a common defendant. Further, the Court informed Hopes that he could voluntarily dismiss these two counts and re-file them to avoid paying the filing fees. Hopes acknowledged the Court's Order regarding Counts 2 and 3 and agreed to the severance (Doc. 48). On October 7, 2008, the Court dismissed without prejudice Counts 2 and 3 and directed the Clerk of the Court to open two new cases (Doc. 82).

  A month later, the Court, as to Count 1, issued its initial screening

Order pursuant to 28 U.S.C. § 1915A (Doc. 86).  After conducting the preliminary review, the Court dismissed with prejudice Defendants Edge, Patterson, Shoff and Spence and allowed the claim for excessive force against Defendants Keys, Eberhart, and Tepovich.  According to Count 1, on July 14, 2006, Plaintiff attempted suicide by tying a sheet around his neck and around the bars of his cell.  Plaintiff claims that Defendants Keys, Eberhart and Tepovich came into his cell and each assaulted him with fists and baton.[1]

On March 3, 2010, pursuant to **28 U.S.C. § 636(b)(1)(B)**, United States Magistrate Judge Donald G. Wilkerson submitted a Report and Recommendation ("the Report") recommending that the Court grant Defendants Keys and Eberhart's motion for summary judgment for failure to exhaust administrative remedies (Doc. 154).[2]  The Report recommends that the Court find that Plaintiff failed to exhaust his administrative remedies as Plaintiff, by his own misconduct, caused the unavailability of the administrative remedies by intentionally flooding his own cell and that the form was either damaged or destroyed by another inmate.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" by March 19, 2010.  To date, none of the parties have filed objections, and the period in which to file objections has expired.  Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo*

---

[1] The record reflects that Tepovich was served on February 4, 2010 and that his answer is due April 5, 2010.

[2] Judge Wilkerson held a ***Pavey*** hearing on this claim on February 23, 2010 (Doc. 150).

review.  *Thomas v. Arn*, **474 U.S. 140, 149-52 (1985)**.

Thus, the Court **ADOPTS** the Report in its entirety (Doc. 154).  The Court **GRANTS** Defendants' Keys and Eberhart's motion for summary judgment (Doc. 115).  The Court **FINDS** that Plaintiff failed to exhaust his administrative remedies as to this cause of action, Count 1, against Keys, Eberhart and Tepovich pursuant to 42 U.S.C. § 1997e(a).  The Court **DISMISSES without prejudice** this entire cause of action despite the lack of Tepovich's answer.  The Court will close the file.

**IT IS SO ORDERED.**

Signed this 22nd day of March, 2010.

/s/  *David R Herndon*

**Chief Judge**
**United States District Court**